UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------×

TAMMYLYN KING,

          *Plaintiff*,

        *v*.

U.S. SECURITY ASSOCIATES INC.,

          *Defendant*.

-------------------------------------------------------------------------×

16 CV 6600

**COMPLAINT**

     Plaintiff Tammylyn King, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendant U.S. Security Associates Inc. as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Tammylyn King ("Plaintiff" or "Ms. King") seeks damages and costs against Defendant U.S. Security Associates Inc. ("Defendant" or "USSA"), for failing to pay her (i) at the overtime premium rate for hours worked in excess of forty (40) in a week, and (ii) the minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL").

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendant violated Plaintiff's rights under the FLSA.

3. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under the NYLL, as they are so related to the FLSA claims that they form part of the same case or controversy.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

**PARTIES**

5. Plaintiff, at all times relevant hereto, was and is a resident of Bronx County in the State of New York.

6. Upon information and belief, at all times relevant hereto, Defendant was and is a corporation organized under the laws of the State of Delaware with its headquarters located at 200 Mansell Ct. East, Ste. 500, Roswell, Georgia 30076.

7. Upon information and belief, Defendant's gross volume of sales is in excess of $500,000.

8. Upon information and belief, Defendant did not keep time records for hours worked by its employees, including Ms. King.

**STATEMENT OF FACTS**

9. Ms. King was employed by USSA as a Human Resources Manager in USSA's Brooklyn office, located at 26 Court Street, Suite 904, Brooklyn, New York 11201 (the "Location"), from approximately December 5, 2014, until October 12, 2016.

10. Ms. King was non-exempt from FLSA and NYLL overtime pay requirements throughout her employment at USSA.

11. Ms. King's job duties were limited to posting recruiting advertisements, setting up USSA booths at job fairs, reception, and administrative tasks.

12. Ms. King did not have the authority to make hiring or firing decisions, develop USSA policy, discipline USSA's employees, decide which clients USSA would take on, or complete forms on USSA's behalf.

13. Ms. King did not supervise any USSA employees.

14. Ms. King was supervised by Marvin Watter (USSA Branch Manager), Bill Flores (USSA Branch Manager), and Jose Rivera (USSA Branch Manager).

15. Mr. Watter, Mr. Flores, and Mr. Rivera assigned work to Ms. King.

16. Mr. Watter, Mr. Flores, and Mr. Rivera were responsible for making hiring and firing decisions, supervising and disciplining employees, deciding which clients USSA would take on, and developing USSA policy and strategy.

17. In sum, Mr. Watter, Mr. Flores, and Mr. Rivera were in charge of managing and assigning daily tasks to Ms. King.

18. As such, Ms. King did not fall under any exemption for overtime pay under the FLSA or NYLL throughout her employment at USSA.

19. Throughout her employment at USSA, Ms. King was paid an annual salary of $37,740.04 and received a biweekly paycheck in the amount of $1,451.54.

20. For the entirety of her employment at USSA, Ms. King was scheduled to work 8 hours per day (9:00 a.m. to 5:00 p.m.), 5 days per week (Monday through Friday), totaling a 40-hour work week, without a lunch break or any other break.

21. USSA consistently required Ms. King to work in excess of her scheduled hours.

22. Ms. King did not take a lunch break, sick day, or vacation in the entirety of her employment at USSA.

23. The only time off Ms. King took in the entirety of her employment at USSA was a bereavement leave from December 4, 2015, through December 15, 2015, a personal day on June 27, 2016, and a personal day on September 21, 2016.

24. From December 5, 2014, to March 28, 2015, Ms. King worked 8 hours per day (9:00 a.m. to 5:00 p.m.), 5 days per week (Monday through Friday), totaling a 40-hour work week.

25. In the week beginning March 29, 2015, and ending April 4, 2015, Ms. King worked 47 hours: 9:00 a.m. to 5:00 p.m. Monday through Friday, and 7:00 a.m. to 2:00 p.m. on Saturday.

26. In the week beginning April 5, 2015, and ending April 11, 2015, Ms. King worked 40 hours: 9:00 a.m. to 5:00 p.m. Monday through Friday.

27. In the week beginning April 12, 2015, and ending April 18, 2015, Ms. King worked 53 hours: 9:00 a.m. to 5:00 p.m. on Monday and Tuesday, 8:30 a.m. to 6:30 p.m. Wednesday through Friday, and 7:00 a.m. to 2:00 p.m. on Saturday.

28. From April 19, 2015, to February 20, 2016 (excepting the bereavement leave mentioned above in ¶ 23), Ms. King worked 10 hours per day (8:30 a.m. to 6:30 p.m.), 5 days per week (Monday through Friday).

29. In addition, Ms. King worked 7 hours per day (7:00 a.m. to 2:00 p.m.) on the following Saturdays between April 19, 2015, and February 20, 2016: May 2, 2015; May 16, 2015; June 6, 2015; June 20, 2015; July 4, 2015; July 18, 2015; August 1, 2015; August 15, 2015; September 5, 2015; September 19, 2015; October 3, 2015; October 17, 2015; November 7, 2015; November 21, 2015; December 19, 2015; January 9, 2016; January 30, 2016; February 6, 2016; and February 20, 2016.

30. In weeks in which Ms. King did not work on Saturday in the period beginning April 19, 2015, and ending February 20, 2016, her work week totaled fifty (50) hours.

31. In weeks in which Ms. King did work on Saturday in the period beginning April 19, 2015, and ending February 20, 2016, her work week totaled fifty-seven (57) hours.

32. In the week beginning February 21, 2016, and ending February 27, 2016, Ms. King worked 54 hours: 9:00 a.m. to 7:00 p.m. Monday through Wednesday, 7:00 a.m. to 6:00 p.m. on Thursday, and 7:00 a.m. to 8:00 p.m. on Friday.

33. In the week beginning February 28, 2016, and ending March 5, 2016, Ms. King worked 49.5 hours: 8:30 a.m. to 6:00 p.m. on Monday, and 8:30 a.m. to 6:30 p.m. Tuesday through Friday.

34. In the week beginning March 6, 2016, and ending March 12, 2016, Ms. King worked 57 hours: 8:30 a.m. to 6:30 p.m. Monday through Friday, and 7:00 a.m. to 2:00 p.m. on Saturday.

35. In the week beginning March 13, 2016, and ending March 19, 2016, Ms. King worked 50 hours: 8:30 a.m. to 6:30 p.m. Monday through Wednesday, 8:30 a.m. to 5:00 p.m. on Thursday, and 8:30 a.m. to 8:00 p.m. on Friday.

36. In the week beginning March 20, 2016, and ending March 26, 2016, Ms. King worked 40 hours: 7:00 a.m. to 5:00 p.m. Monday through Thursday.

37. In the week beginning March 27, 2016, and ending April 2, 2016, Ms. King worked 57.5 hours: 7:00 a.m. to 5:00 p.m. on Monday, Tuesday, and Thursday, 7:00 a.m. to 6:30 p.m. on Wednesday, 7:00 a.m. to 4:00 p.m. on Friday, and 7:00 a.m. to 2:00 p.m. on Saturday.

38. In the week beginning April 3, 2016, and ending April 9, 2016, Ms. King worked 56.5 hours: 7:00 a.m. to 7:00 p.m. on Monday, 7:00 a.m. to 6:00 p.m. on Tuesday, 7:00 a.m. to

5:00 p.m. on Wednesday and Thursday, and 7:00 a.m. to 6:00 p.m. on Tuesday and Thursday, 7:00 a.m. to 6:30 p.m. on Wednesday, 7:00 a.m. to 4:00 p.m. on Friday, and 7:00 a.m. to 8:30 p.m. on Friday.

39. In the week beginning April 10, 2016, and ending April 16, 2016, Ms. King worked 65 hours: 7:00 a.m. to 8:00 p.m. on Monday and Tuesday, 7:00 a.m. to 7:00 p.m. on Wednesday, 6:00 a.m. to 4:00 p.m. on Thursday, 7:00 a.m. to 5:00 p.m. on Friday, and 7:00 a.m. to 2:00 p.m. on Saturday.

40. In the week beginning April 17, 2016, and ending April 23, 2016, Ms. King worked 55.5 hours: 7:00 a.m. to 6:00 p.m. on Monday, 6:00 a.m. to 4:00 p.m. on Tuesday and Thursday, 7:00 a.m. to 6:30 p.m. on Wednesday, and 7:00 a.m. to 8:00 p.m. on Friday.

41. In the week beginning April 24, 2016, and ending April 30, 2016, Ms. King worked 54 hours: 7:00 a.m. to 6:00 p.m. on Monday and Wednesday, 6:00 a.m. to 4:00 p.m. on Tuesday and Thursday, and 7:00 a.m. to 7:00 p.m. on Friday.

42. In the week beginning May 1, 2016, and ending May 7, 2016, Ms. King worked 54.5 hours: 7:00 a.m. to 5:00 p.m. on Monday, 7:00 a.m. to 6:00 p.m. on Tuesday, 7:00 a.m. to 7:00 p.m. on Wednesday, 6:00 a.m. to 5:00 p.m. on Thursday, and 5:30 a.m. to 4:00 p.m. on Friday.

43. In the week beginning May 8, 2016, and ending May 14, 2016, Ms. King worked 56.5 hours: 5:30 a.m. to 4:00 p.m. on Monday, 6:00 a.m. to 3:00 p.m. on Tuesday, 6:00 a.m. to 4:00 p.m. on Wednesday, 7:00 a.m. to 5:00 p.m. on Thursday, 6:00 a.m. to 4:00 p.m. on Friday, and 7:00 a.m. to 2:00 p.m. on Saturday.

44. In the week beginning May 15, 2016, and ending May 21, 2016, Ms. King worked 54.5 hours: 6:00 a.m. to 5:00 p.m. on Monday, Tuesday, and Thursday, 5:30 a.m. to 4:00 p.m. on Wednesday, and 5:30 a.m. to 4:30 p.m. on Friday.

45. In the week beginning May 22, 2016, and ending May 28, 2016, Ms. King worked 56 hours: 5:30 a.m. to 5:00 p.m. on Monday, 6:00 a.m. to 5:00 p.m. on Tuesday and Friday, 7:30 a.m. to 3:00 p.m. on Wednesday, 7:30 a.m. to 3:30 p.m. on Thursday, and 7:00 a.m. to 2:00 p.m. on Saturday.

46. In the week beginning May 29, 2016, and ending June 4, 2016, Ms. King worked 41.5 hours: 7:00 a.m. to 5:00 p.m. on Tuesday, 6:00 a.m. to 5:00 p.m. on Wednesday, 6:00 a.m. to 4:00 p.m. on Thursday, and 5:30 a.m. to 4:00 p.m. on Friday.

47. In the week beginning June 5, 2016, and ending June 11, 2016, Ms. King worked 56.5 hours: 5:30 a.m. to 4:00 p.m. on Monday, 7:00 a.m. to 4:00 p.m. on Tuesday, 7:00 a.m. to 5:00 p.m. on Wednesday and Thursday, 6:00 a.m. to 5:00 p.m. on Friday, and 8:00 a.m. to 2:00 p.m. on Saturday.

48. In the week beginning June 12, 2016, and ending June 18, 2016, Ms. King worked 55.5 hours: 5:30 a.m. to 5:00 p.m. on Monday, 5:30 a.m. to 4:30 p.m. on Tuesday, 6:00 a.m. to 5:00 p.m. on Wednesday, 5:30 a.m. to 4:00 p.m. on Thursday, and 5:30 a.m. to 5:00 p.m. on Friday.

49. In the week beginning June 19, 2016, and ending June 25, 2016, Ms. King worked 57 hours: 5:30 a.m. to 5:00 p.m. on Monday, 7:00 a.m. to 5:00 pm. on Tuesday through Thursday, 5:30 a.m. to 4:00 p.m. on Friday, and 8:00 a.m. to 1:00 p.m. on Saturday.

50. In the week beginning June 26, 2016, and ending July 2, 2016, Ms. King worked 46.5 hours: 6:30 a.m. to 4:00 p.m. on Tuesday, 9:00 a.m. to 7:00 p.m. on Wednesday, 5:30 a.m. to 4:00 p.m. on Thursday and Friday, and 8:00 a.m. to 2:00 p.m. on Saturday.

51. In the week beginning July 3, 2016, and ending July 9, 2016, Ms. King worked 41.5 hours: 7:00 a.m. to 5:00 p.m. on Tuesday and Wednesday, 5:30 a.m. to 4:30 p.m. on Thursday, and 5:30 a.m. to 4:00 p.m. on Friday.

52. In the week beginning July 10, 2016, and ending July 16, 2016, Ms. King worked 51 hours: 6:00 a.m. to 5:00 p.m. on Monday through Wednesday, 9:00 a.m. to 5:30 p.m. on Thursday, and 5:30 a.m. to 3:00 p.m. on Friday.

53. In the week beginning July 17, 2016, and ending July 23, 2016, Ms. King worked 59.5 hours: 6:00 a.m. to 5:00 p.m. on Monday through Wednesday, 9:00 a.m. to 6:00 p.m. on Thursday, 7:30 a.m. to 5:00 p.m. on Friday, and 6:00 a.m. to 2:00 p.m. on Saturday.

54. In the week beginning July 24, 2016, and ending July 30, 2016, Ms. King worked 65 hours: 5:30 a.m. to 4:00 p.m. on Monday, 6:30 a.m. to 5:00 p.m. on Tuesday, 5:30 a.m. to 5:00 p.m. on Wednesday, 6:30 a.m. to 5:30 p.m. on Thursday, 5:30 a.m. to 5:00 p.m. on Friday, and 5:30 a.m. to 3:30 p.m. on Saturday.

55. In the week beginning July 31, 2016, and ending August 6, 2016, Ms. King worked 53.5 hours: 5:30 a.m. to 4:00 p.m. on Monday and Tuesday, 6:30 a.m. to 5:00 p.m. on Wednesday and Thursday, and 5:30 a.m. to 5:00 p.m. on Friday.

56. In the week beginning August 7, 2016, and ending August 13, 2016, Ms. King worked 51 hours: 6:30 a.m. to 5:00 p.m. on Monday and Wednesday, 8:00 a.m. to 5:00 p.m. on Tuesday, 7:30 a.m. to 5:00 p.m. on Thursday, and 5:30 a.m. to 5:00 p.m. on Friday.

57. In the week beginning August 14, 2016, and ending August 20, 2016, Ms. King worked 48.5 hours: 5:30 a.m. to 5:00 p.m. on Monday and Friday, 7:30 a.m. to 5:00 p.m. on Tuesday, and 9:00 a.m. to 5:00 p.m. on Wednesday and Thursday.

58. In the week beginning August 21, 2016, and ending August 27, 2016, Ms. King worked 56 hours: 5:30 a.m. to 5:00 p.m. on Monday and Friday, and 6:00 a.m. to 5:00 p.m. on Tuesday, Wednesday, and Thursday.

59. In the week beginning August 28, 2016, and ending September 3, 2016, Ms. King worked 50.25 hours: 6:45 a.m. to 5:00 p.m. on Monday, 7:30 a.m. to 5:00 p.m. on Tuesday, Wednesday, and Thursday, and 5:30 a.m. to 5:00 p.m. on Friday.

60. In the week beginning September 4, 2016, and ending September 10, 2016, Ms. King worked 48.83 hours: 6:30 a.m. to 5:00 p.m. on Monday, 9:40 a.m. to 5:30 p.m. on Tuesday, 8:30 a.m. to 5:30 p.m. on Wednesday, 8:30 a.m. to 5:00 p.m. on Thursday, and 7:00 a.m. to 5:00 p.m. on Friday.

61. In the week beginning September 11, 2016, Ms. King worked 46.5 hours: 7:30 a.m. to 5:00 p.m. on Monday, Tuesday, Wednesday, and Thursday, and 8:30 a.m. to 5:00 p.m. on Friday.

62. In the week beginning September 18, 2016, Ms. King worked 39.5 hours: 7:30 a.m. to 5:00 p.m. on Monday, 8:30 a.m. to 5:00 p.m. on Tuesday, 7:00 a.m. to 6:30 p.m. on Thursday, and 7:00 a.m. to 5:00 p.m. on Friday.

63. In the week beginning September 25, 2016, Ms. King worked 49.75 hours: 7:00 a.m. to 5:00 p.m. on Monday and Tuesday, 8:00 a.m. to 6:00 p.m. on Wednesday, 7:30 a.m. to 5:00 p.m. on Thursday, and 7:00 a.m. to 5:15 p.m. on Friday.

64. In the week beginning October 2, 2016, Ms. King worked 50.75 hours: 7:00 a.m. to 5:00 p.m. on Monday, 7:30 a.m. to 5:00 p.m. on Tuesday, 7:30 a.m. to 5:45 p.m. on Wednesday, 6:45 a.m. to 6:00 p.m. on Thursday, and 8:30 a.m. to 6:15 p.m. on Friday.

65. In the week beginning October 9, 2016, Ms. King worked 19.25 hours: 7:30 a.m. to 5:15 p.m. on Monday, 10:30 a.m. to 6:00 p.m. on Tuesday, and 9:00 a.m. to 11:00 a.m. on Wednesday.

66. As Ms. King was a non-exempt employee, she was entitled to overtime premium pay for all hours worked in excess of forty (40) in a work week.

67. Ms. King worked in excess of forty (40) hours in numerous weeks during her employment with USSA.

68. However, USSA never paid Ms. King at the overtime premium rate for hours worked in excess of forty (40) in a work week.

69. In addition, to date, Ms. King has not received her final paycheck from USSA, representing the pay period October 7, 2016, through October 12, 2016 ("Period 1").

70. During Period 1, Ms. King worked 29 hours for USSA, for which she was not compensated at all.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Unpaid Overtime in Violation of the FLSA

71. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 70 with the same force as though separately alleged herein.

72. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

10

73. The FLSA mandates that employers compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) in a work week.

74. Defendant willfully violated the FLSA's overtime requirement by not paying Plaintiff at the overtime premium rates for hours worked in excess of forty (40) in a work week.

75. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant her unpaid compensation, liquidated damages, interest and reasonable attorneys' fees, costs, and interest related to the action.

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of the FLSA

76. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 75 with the same force as though separately alleged herein.

77. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

78. The FLSA mandates that employers pay each of their employees for each hour worked at an hourly rate not less than the federal minimum wage.

79. Defendant has failed to pay Plaintiff whatsoever for hours worked for Defendant in Period 1.

80. As such, Defendant never paid Plaintiff the federally mandated minimum wage in Period 1.

81. Defendant knowingly and willfully violated Plaintiff's rights under the FLSA by failing to pay Plaintiff the minimum wage for hours worked.

82. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

11

## THIRD CAUSE OF ACTION
**Unpaid Overtime in Violation of the NYLL**

83. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 82 with the same force as though separately alleged herein.

84. At all relevant times, Plaintiff was employed by Defendant within the meaning of the NYLL.

85. The NYLL mandates that employers must compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) hours each week.

86. Defendant willfully and intentionally violated the NYLL's overtime requirement by not paying Plaintiff at the overtime premium rates for hours worked in excess of forty (40) in a work week.

87. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant her unpaid compensation, liquidated damages, interest and reasonable attorneys' fees, costs, and interest related to the action.

## FOURTH CAUSE OF ACTION
**Failure to Pay Wages in Violation of the NYLL § 191**

88. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 87 with the same force as though separately alleged herein.

89. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the NYLL.

90. NYLL § 191 provides that, if an employee is terminated, the employer must pay that employee their wages no later than the regular pay day for the pay period during which the termination occurred.

91. Defendant has failed to pay Plaintiff whatsoever for her hours worked for Defendant in Period 1, the period in which Plaintiff was terminated.

92. Defendant knowingly and willfully violated Plaintiff's rights under the NYLL by failing to pay Plaintiff her wages.

93. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant her unpaid compensation, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial;

C. For the third cause of action, damages to be determined at trial;

D. For the fourth cause of action, damages to be determined at trial; and

E. For such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           November 29, 2016

By: _____
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiff*