**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

TAMMYLYN KING,

                        Plaintiff,                  Civil Action No.: 16-cv-6600

              v.

U.S. SECURITY ASSOCIATES, INC.,          **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

                      Defendant.

-------------------------------------------------------------------X

Defendant U.S. SECURITY ASSOCIATES, INC. ("Defendant"), by and through their attorneys, MARTIN CLEARWATER & BELL LLP, hereby responds to the Complaint of TAMMYLYN KING ("Plaintiff") as follows:

## AS TO "PRELIMINARY STATEMENT"

1. Defendant denies all allegations set forth in Paragraph 1 of the Complaint, except avers that Plaintiff purports to seek damages and relief pursuant to the laws set forth in Paragraph 1 of the Complaint. Defendant specifically denies it has violated any laws or that any damages or relief is appropriate.

## AS TO "JURISDICTION AND VENUE"

2. Defendant denies all allegations set forth in Paragraph 2 of the Complaint, except avers that Plaintiff purports jurisdiction is invoked pursuant to the laws stated in Paragraph 2 of the Complaint.

3. Defendant denies all allegations set forth in Paragraph 3 of the Complaint, except avers that Plaintiff purports supplemental jurisdiction is invoked pursuant to the laws stated in Paragraph 3 of the Complaint.

4. Defendant denies all allegations set forth in Paragraph 4 of the Complaint, except avers that Plaintiff purports venue is proper in this District pursuant to the laws stated in Paragraph 4 of the Complaint.

## AS TO "PARTIES"

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity with respect to the allegation set forth in Paragraph 5 of the Complaint.

6. Defendant denies the allegations set forth in Paragraph 6 of the Complaint, except admits that Defendant maintains an office located at 200 Mansell Court, Roswell, Georgia 30076.

7. Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

## AS TO "STATEMENT OF FACTS"

9. Defendant denies the allegation set forth in Paragraph 9 of the Complaint, except admits that Plaintiff was employed by Defendant as a Human Resources ("HR") Manager from approximately December 2014 until October 2016.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegation set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

## AS TO "CAUSES OF ACTION"

### AS TO "FIRST CAUSE OF ACTION"
### Unpaid Overtime in Violation of the FLSA

71. Defendant repeats and re-alleges its answers to Paragraphs 1 through 70 of the Complaint as if each were fully set forth at length herein.

72. Paragraph 72 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74 of the Complaint. Defendant specifically denies it has violated any laws or that any damages or relief is appropriate.

75. Paragraph 75 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75 of the Complaint. Defendant specifically denies it has violated any laws or that any damages or relief is appropriate.

**AS TO "SECOND CAUSE OF ACTION"**
**Failure to Pay Minimum Wage in Violation of the FLSA**

76. Defendant repeats and re-alleges its answers to Paragraphs 1 through 75 of the Complaint as if each were fully set forth at length herein.

77. Paragraph 77 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 80

of the Complaint. Defendant specifically denies it has violated any laws or that any damages or relief is appropriate.

81. Paragraph 81 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 81 of the Complaint. Defendant specifically denies it has violated any laws or that any damages or relief is appropriate.

82. Paragraph 82 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82 of the Complaint. Defendant specifically denies it has violated any laws or that any damages or relief is appropriate.

**AS TO "THIRD CAUSE OF ACTION"**
**Unpaid Overtime in Violation of the NYLL**

83. Defendant repeats and re-alleges its answers to Paragraphs 1 through 82 of the Complaint as if each were fully set forth at length herein.

84. Paragraph 84 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86 of the Complaint. Defendant specifically denies it has violated any laws or that any damages or relief is appropriate.

87. Paragraph 87 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87 of the Complaint. Defendant specifically denies it has violated any laws or that any damages or relief is appropriate.

## AS TO "FOURTH CAUSE OF ACTION"
**Failure to Pay Wages in Violation of the NYLL § 191**

88. Defendant repeats and re-alleges its answers to Paragraphs 1 through 87 of the Complaint as if each were fully set forth at length herein.

89. Paragraph 89 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92 of the Complaint. Defendant specifically denies it has violated any laws or that any damages or relief is appropriate.

93. Paragraph 93 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93 of the Complaint. Defendant specifically denies it has violated any laws or that any damages or relief is appropriate.

## AS TO "WHEREFORE" CLAUSE

Defendant denies all statements, allegations, and demands for relief set forth in the "WHEREFORE" clause, inclusive of its subparts A through E.

## ADDITIONAL AVERMENTS

Defendant denies all statements, allegations, and demands for relief set forth in Plaintiff's Complaint. Defendant denies all claims and allegations not unequivocally admitted herein.

## DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden, Defendant asserts the following defenses:

## AS A FIRST DEFENSE

The Complaint fails to state a claim or claims upon which relief can be granted.

## AS A SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## AS A THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

## AS A FOURTH DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to comply with or take advantage of available preventive or corrective policies, procedures, and opportunities set in place by her employer.

## AS A FIFTH DEFENSE

Plaintiff unreasonably failed to take advantage of appropriate opportunities to prevent, mitigate, and/or correct any alleged damages or unlawful acts, practice, or conduct.

## AS A SIXTH DEFENSE

Upon information and belief, Plaintiff's claims are barred by her failure to mitigate damages.

## AS A SEVENTH DEFENSE

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to address, prevent, and/or promptly correct any alleged unlawful behavior.

## AS AN EIGHTH DEFENSE

Any damages Plaintiff has suffered were not caused by or attributable to Defendant's acts, practices, or conduct.

## AS A NINTH DEFENSE

The Court should not exercise subject-matter jurisdiction, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction.

## AS A TENTH DEFENSE

To the extent the FLSA applies to the claims raised in the Complaint, at all times pertinent hereto, Defendant acted in good faith and not in willful violation of the FLSA.

### AS AN ELEVENTH DEFENSE

To the extent the FLSA applies to the claims raised in the Complaint, at all times pertinent hereto, Defendant had a reasonable good faith belief they were not violating the FLSA.

### AS A TWELFTH DEFENSE

To the extent the FLSA applies to the claims raised in the Complaint, Defendant is entitled to a set off of any damages to which Plaintiff may be entitled.

### AS A THIRTEENTH DEFENSE

Plaintiff should not be awarded liquidated damages under the relevant statutes because Defendant's acts or omissions were in good faith, and Defendant had reasonable grounds for believing its acts or omissions were not in violation of state or federal law.

### AS A FOURTEENTH DEFENSE

All allegations that are not specifically admitted herein are denied.

### AS A FIFTEENTH DEFENSE

Plaintiff's claims should be dismissed to the extent they are barred by applicable statutes of limitations.

### AS A SIXTEENTH DEFENSE

Plaintiff's wage and hour claims are barred because she was exempt from the overtime laws.

### AS A SEVENTEENTH DEFENSE

Plaintiff's damages are cut off pursuant to the after acquired evidence doctrine.

## AS AN EIGHTEENTH DEFENSE

At all times, Defendant and its agents acted properly. Because Defendant has not yet availed itself of its right to discovery, Defendant may not fully know the circumstances of the claims and allegations described in the Complaint. Defendant hereby notifies Plaintiff that until Defendant has had the opportunity to avail itself of its right to discovery, it cannot determine whether or not each of the above-stated defenses will, in fact, be asserted during litigation. Such defenses, however, are raised in Defendant's right to assert such defenses and thereby avoid the waiver of any such defenses. Defendant reserves the right, upon completion of its investigation and discovery to such additional defenses as they deem appropriate.

## AS A NINETEENTH DEFENSE

Defendant's decisions and actions were justified by legitimate business decisions and were based on legitimate business reasons.

## AS A TWENTIETH DEFENSE

Defendant neither made any decision nor took any action that was motivated by knowing, willful, or otherwise intentional disregard of any applicable laws, rules or regulations or of Plaintiff's rights.

## AS A TWENTY-FIRST DEFENSE

To the extent that Plaintiff engaged in acts of misconduct prior to or during her employment with Defendant, which, if known, would have resulted in denial of Plaintiff's employment or termination of Plaintiff's employment, any relief awarded to Plaintiff should be reduced, in whole or in part, because Plaintiff engaged in such misconduct whenever discovered.

## AS A TWENTY-SECOND DEFENSE

Plaintiff suffered no adverse action or damages.

**WHEREFORE,** Defendant requests the Court dismiss the Complaint with prejudice; enter judgment in Defendant's favor and against Plaintiff on all counts and grant such other relief as the Court deems just and proper.

Dated: New York, New York
       February 17, 2017

                                  Yours, etc.

                                  MARTIN CLEARWATER & BELL LLP

                                  By: /s/ Gregory B. Reilly
                                      Gregory B. Reilly, Esq.
                                  Martin Clearwater & Bell LLP
                                  *Attorneys for Defendant*
                                  220 East 42nd Street
                                  New York, New York 10017
                                  (212) 697-3122

TO:

Walker G. Harman, Jr., Esq.
Edgar M. Rivera, Esq.
THE HARMAN FIRM, LLP
*Attorneys for Plaintiff*
220 Fifth Avenue, Suite 900
New York, New York 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 17 day of February, 2017, a true and correct copy of the foregoing ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT was electronically filed and served in accordance with the Federal Rules of Civil Procedure and the Eastern District's Local Rules via Electronic Service upon the following:

Walker G. Harman, Jr., Esq.
Edgar M. Rivera, Esq.
THE HARMAN FIRM, LLP
*Attorneys for Plaintiff*
220 Fifth Avenue, Suite 900
New York, New York 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

By: /s/ Gregory B. Reilly
Gregory B. Reilly, Esq.